616 F.2d 949
 104 L.R.R.M. (BNA) 2819, 89 Lab.Cas. P 12,130
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
and
International Brotherhood of Teamsters, Chauffeurs,
Warehousemen and Helpers of America, Local Union
No. 1196, Intervenor,
v.
The COCA-COLA BOTTLING COMPANY OF MEMPHIS, Respondent.
 No. 78-1104.
 United States Court of Appeals,
Sixth Circuit.
 Feb. 25, 1980.
 
 Elliott Moore, Deputy Associate Gen. Counsel, Allison Brown, Andrew Tranovich, N.L.R.B., Washington, D. C., Raymond A. Jacobson, Director Region 26, N.L.R.B., Memphis, Tenn., for petitioner.
 Andrew C. Partee, Jr., Kullman, Lang, Inman & Lee, New Orleans, La., for respondent.
 Lynn Agee, Youngdahl, Larrison & Agee, Memphis, Tenn., for intervenor International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union No. 1196.
 Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court on the petition of the Board for enforcement of two decisions and orders and the cross-application of Coca-Cola for review. Reference is made to the decisions and orders reported at 232 NLRB No. 125 and 239 NLRB No. 183 for the issues and factual setting of the dispute between Coca-Cola and Teamsters Local No. 1196.
 
 
 2
 The Board found that Coca-Cola violated Sections 8(a)(5) and (1) of the Act by withdrawing recognition from the union local after its affiliation with the Teamsters International. The local was affiliated with the Brewery Workers International at the time Coca-Cola entered into a collective bargaining agreement with Local 196 and the Brewery Workers International. The Board found that Teamsters Local 1196 was a continuation of Brewery Workers Local 196 and there was no justification for Coca-Cola's withdrawing recognition. Upon consideration of the record before the court together with the briefs and oral arguments of counsel, the court concludes that the finding of a violation by withdrawal of recognition is supported by substantial evidence.
 
 
 3
 Substantial evidence in the record also supports the Board's finding that Coca-Cola violated Section 8(a)(1) of the Act by assisting and encouraging employees to withdraw from the union after Brewery Workers Local 196 affiliated with the Teamsters International and also supports the Board's finding that Coca-Cola violated Sections 8(a)(3) and (1) of the Act by coercing, threatening with discharge, and by delaying the reinstatement of several employees who were engaged in an unfair labor practice strike.
 
 
 4
 The Board also found that Coca-Cola violated Sections 8(a)(3) and (1) of the Act by discharging employee Jackson because of her support of the union. Our review of the record convinces us that employee Jackson was insubordinate to several of her supervisors and that her discharge was justified by this conduct. We fail to find substantial evidence to support the finding that Jackson's discharge occurred because of her support of the union. Though Jackson was a union supporter, her discharge took place at a time when the recognition dispute between Coca-Cola and Local 1196 was before the Board for decision, and the incident which led to her termination was completely unrelated to that dispute.
 
 
 5
 Accordingly, the decision and order, 232 NLRB No. 125, and the supplemental decision and order, 239 NLRB No. 183, are enforced in full except for those provisions finding a violation in the discharge of employee Jackson and requiring that she be offered reinstatement with restitution for lost earnings. The Notice to Employees appended to 232 NLRB No. 125 will be amended by eliminating all references to employee Jackson.